# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROLYN E. O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1775 (UNA) |
| | ) | |
| UNITED KINGDOM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff alleges that she is a descendant of Peter Xerces O'Connor, *see* Compl. at 2, who "fought for the cause of the United Kingdom and died in said cause," *id*. at 1. She brings this action to collect compensation that would have been due to O'Connor's widow. *See id*. Plaintiff also demands damages for personal injury and economic loss in "the amount of three shillings in British currency, in the amount of 5% compounded quarterly since August 1775 to the present time, or the sum of Fifteen Million Dollars (U.S. $15,000,000.), *id*. at 2, additional compensatory damages, *see id*. at 3, and punitive damages, *see id*.

"In the United States, the sole avenue for a court to obtain jurisdiction over claims against a foreign state or its agencies and instrumentalities is through the [Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602-1611][.]" *Simon v. Republic of Hungary*, 812 F.3d 127, 135 (D.C.

1

Cir. 2016).  The "default rule grant[s] foreign sovereigns immunity from the jurisdiction of United States courts."  *Id*. (citing 28 U.S.C. § 1604) (other citation omitted).  A foreign state is immune from the jurisdiction of the United States courts unless it falls within the ambit of an FSIA exception, an existing international agreement provides otherwise, or a defendant has otherwise waived immunity.  *See Simon*, 812 F. 3d at 138-41; *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011); *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005).  Waivers of sovereign immunity must be clear and unequivocal.  *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Because plaintiff does not plead that defendants lack immunity from suit, the Court will dismiss the complaint and this civil action without prejudice for lack of subject matter jurisdiction.  A separate order accompanies this Memorandum Opinion.

DATE: July 3, 2020

/s/
JAMES E. BOASBERG
United States District Judge